CITIZENS' BANK & TRUST Co. *et al. v.* MRS. JESSIE H. COV-
INGTON *et al.*

(Division B. Oct. 16, 1933.)

[150 So. 208. No. 30724.]

**P. H. Lowrey**, of Marks, for appellants..

Roberson & Cook, of Clarksdale, for appellants.

P. L. Denton and T. N. Gore, both of Marks, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellants in their bill asked that the Covingtons and their agents and attorneys be required to file with their answer a full and complete itemized account and inventory of all personal property left by W. T. Covington and owned by him at the time of his conveyance to his wife, including all accretions, accumulations, and additions to the property in their possession or under their control.

In appellants' petition, to which the court sustained a demurrer, it was stated, in substance, that they were informed that all the property required by the decree to be turned over and delivered to the receiver had not been so turned over and delivered, and that there was in the possession of other persons, known to the Covingtons or some of them, certain personal property consisting of live stock, farm implements, notes, accounts, and choses-in-action, which, under the decree, should be turned over and delivered to the receiver, a description of which was to the appellants and the receiver unknown, and that there was also in the hands of Mrs. Ruth L. Covington, one of the defendants, "certain of said property." The prayer was that they be required by a proper order of the court to forthwith surrender and deliver to the receiver "all such property required by said decree to be turned over to him, which is now in the possession of said defendants or any of them, and that they also be required to file in this cause forthwith a full and complete list and description of such property as has not been turned over to said receiver, including such of the said property as is not in their possession but of which they have knowledge or information, and that they also be required to assist the said receiver in obtaining the possession of said property."

The petition is in the nature of a bill for discovery, and is governed by the rules which apply to such bills. Neither the bill nor the petition for discovery charged any facts upon which to base relief. There was no allegation in either of them that the facts charged to exist were known to the complainant and the petitioners, nor was there any charge that the facts set out were based on their information and belief, and there was no allegation of diligence in trying to discover what property was withheld, who was in possession of it, or a description of it; nor was there any allegation that demand had been made on the defendants that they turn over to the receiver any particular property, and that they had refused to do so. Griffith's Chancery Practice, sections 429 and 430, and authorities cited.

Affirmed.